### 26521. HENLEY v. STATE OF GEORGIA.

ALMAND, Chief Justice. Richard A. Thibadeau, Judge, Superior Court of the Stone Mountain Judicial Circuit, issued, on his own motion, an order directed to Clyde Henley, an attorney at law, suspending him and enjoining him from the practice of law, "in this court or any of the courts of the State of Georgia." He was ordered to show cause on March 23, 1971, why he should not be permanently removed from the practice of law in the State of Georgia.

The appeal is from this order. A supersedeas pending the appeal was granted by this court.

The motion to suspend and disbar recited that Clyde Henley had, on October 30, 1947, pled guilty to the offense of principal in the second degree of armed robbery in the Criminal Court of Record for Dade County, Florida. Attached to the motion was: (a) information for armed robbery, charging Henley and another with the offense on October 13, 1947; (b) a plea of guilty by Henley; (c) an order signed by a judge on December 16, 1947, reciting, "The passing of sentence be and the same is hereby suspended day to day and term to term until further order of this court,"

and (d) a certificate from the Clerk of said Dade County Criminal Court of the minutes of said court of June 17, 1952, as follows: "The court upon oral motion of Robert R. Taylor, County Solicitor, vacated and set aside the adjudication of December 16, 1947. Robert R. Taylor, County Solicitor, announced nolle pros. in the above styled cause." (Armed Robbery).

The brief of the appellee states that the appellant Henley was admitted to the Bar of Georgia on September 13, 1952.

The motion to suspend and disbar Henley recites he is subject to such action by reason of Section 9-501 of the 1933 Code which provides: "An attorney must be removed by the superior court of the county of his residence for the following causes: (1) Upon his being convicted of any crime or misdemeanor involving moral turpitude. In either case the record of his conviction is conclusive evidence."

Even if it be conceded, which we do not, that there was a conviction in the Florida court in 1947, it is clearly evident from a mere reading of this Code section that its purpose is to *remove* or disbar an attorney for the conviction of a stated criminal offense *after he has been admitted to the bar,* and this Code section does not empower the court to suspend or disbar an attorney for the conviction of any criminal offense prior to the date of his admission to practice law in Georgia.

The order of March 16, 1971, is reversed and direction given that the proceeding be dismissed.

> *Judgment reversed with direction. All the Justices concur.*
> ARGUED MAY 10, 1971—DECIDED JUNE 2, 1971.

*E. T. Hendon, Jr., Thomas O. Davis,* for appellant.
*Richard Bell, District Attorney,* for appellee.